UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SERENITY MEDINA
3311 W. RAMSEY AVENUE
GREENFIELD, WI, 53221,

    Plaintiff,  Case No. 17-CV-1216

vs.

CAPITAL ONE BANK (USA) N.A.
10700 CAPITAL ONE WAY
GLEN ALLEN, VA 23060,

    Defendant.

## COMPLAINT

### NATURE OF THE ACTION

1. Plaintiff, Serenity Medina ("Plaintiff") brings this action for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, the Wisconsin Consumer Act, Wis. Stat. 427 *et seq.*, and her privacy interests.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because they arise under the laws of the United States, specifically 47 U.S.C. § 227. This Court has supplemental jurisdiction over Plaintiff's state law claims.

3. This Court has personal jurisdiction over Capital One Bank (USA) N.A. ("Defendant") because it does substantial business in this district.

4. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

**PARTIES**

5. Plaintiff is a natural person over 18 years of age who at all times relevant to this Complaint resided in the Eastern District of Wisconsin.

6. Capital One Bank (USA) N.A. (hereinafter "Defendant" or "Capital One") is a national banking association with its principal place of business located in Glen Allen, Virginia.

**FACTUAL ALLEGATIONS**

7. Defendant is a national banking association.

8. At some point, Plaintiff opened a credit card account with Capital One Bank (USA) N.A.

9. In January 2015, Plaintiff fell behind on her credit card payments. Defendant then began calling Plaintiff on her cell phone to collect.

10. Defendant uses an automatic telephone dialing system ("ATDS") and/or automated or prerecorded message to collect debts.

11. Defendant uses ATDS equipment and software that has the capacity to store or produce telephone numbers to be called and which includes auto-dialers and predictive dialers.

12. Defendant has previously been the subject of litigation for its unlawful collection practices. In 2015 U.S. District Court Judge James F. Holderman granted final approval of a settlement for $75,000,000.00.

13. However, Defendant has continued its unlawful conduct.

14. Plaintiff answered dozens of Defendant's telephone calls and after a clear pause, was connected to an agent of Defendant.

15. Plaintiff regularly directed Defendant to cease calling Plaintiff's cellular telephone. Nonetheless, at least one collector told Ms. Medina "that as long as she owed the debt, the had the right to contact her."

16. Despite Plaintiff's instructions Defendant persisted, calling repeatedly for months on end. Defendant called Plaintiff dozens of times after she asked that it stop calling.. Defendant also left Plaintiff prerecorded messages after she asked Defendant to stop calling.

17. As part of its calling campaign Defendant called Plaintiff's cellular telephone numbers:414-324-_____ and 414-399-_____.

18. Whenever Plaintiff answered the calls, there was a lengthy pause and a click. Plaintiff regularly said "hello" multiple times before a person came on the line. This lengthy pause is indicative of autodialed calls.

19. Plaintiff's credit card transaction with Defendant is a "consumer transaction" as defined by Wis. Stat § 421.301(13).

20. Plaintiff is a "consumer" as defined by Wis. Stat § 421.301(17). Defendant is a "debt collector" as defined by Wis. Stat § 427.103(3).

21. All telephone calls Defendant placed to Plaintiff's cell phone were for purposes of "debt collection" as Wis. Stat § 427.103(2) defines it, and the amount that Defendant was attempting to collect constitutes a "claim" as Wis. Stat § 421.103(1) defines it.

22. Plaintiff's privacy has been violated by the above-described calls from, or on behalf of, Defendant and they constitute a nuisance as they are annoying and harassing. Plaintiff has also been harmed by the use of cellular telephone minutes and data usage.

3

23. None of the telephone calls Defendant placed to Plaintiff's cellular telephone were made for emergency purposes.

24. Defendant made dozens of calls to Plaintiff without her prior expressed consent, as defined by 47 U.S.C. § 227(b)(1)(A)(iii).

## COUNT I
## NEGLIGENT VIOLATION(S) OF THE
## TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, ET SEQ.

25. Paragraphs 1 through 24 are re-alleged as though fully set out herein.

26. The Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* was designed to prevent telephone calls such as the ones described herein and to protect the privacy of consumers, such as Plaintiff. "Voluminous consumer complaints about abuse of telephone technology prompted Congress to pass the Telephone Consumer Protection Act." *Mims v. Arrow Fin. Servs., LLC,* 132 Ct. 740, 744 (2012).

27. In enacting the Telephone Consumer Protection Act, Congress intended to give consumers a choice as to how corporate entities may contact them and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." Telephone Consumer Protection Act, Pub. L. No. 102-243, § 11; *see also Martin v. Leading Edge Recovery Solutions, LLC,* 2012 WL 3292838 at*4 (ND.Ill. Aug. 10, 2012) (citing congressional findings on Telephone Consumer Protection Act's purpose).

28. Congress also specifically found that "the evidence presented to Congress indicates that automated or prerecorded telephone calls are a nuisance and an invasion of privacy, regardless of the type of call ***." *Id.* at §§ 12-13; *see also Mims,* 132 S.Ct. at 744.

29. As Judge Easterbrook of the United States Court of Appeals for the Seventh Circuit explained in a Telephone Consumer Protection Act case:

> The Telephone Consumer Protection Act *** is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Telephone Consumer Protection Act curtails the use of automated dialers and prerecorded messages to cellular telephones ***. An automated telephone call to a landline telephone can be an annoyance; an automated telephone call to a cellular telephone call adds expense to an annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

30. "A predictive dialer is equipment that dials numbers and, when certain computer software is attached, also assists [the caller] in predicting when an [agent] will be available to take calls. The hardware, when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers." *Meyer v. Portfolio Recovery Associates, LLC,* 707 F.3d 1036, 1043 (9th Cir. 2012).

31. "When evaluating the issue whether equipment is an ATDS, the statute's clear language mandates that the focus must be on whether the equipment has the capacity 'to store or produce telephone numbers to be called, using a random or sequential number generator.' Accordingly, a system need not actually store, produce, or call randomly or sequentially generated telephone numbers, it need only have the capacity to do it." *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009).

32. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the Telephone Consumer Protection Act, including, but no limited to, each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq.*

33. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

34. Plaintiff is also entitled to and seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## KNOWING AND WILLFUL VIOLATION(S) OF THE TELEPHONE CONSUMER PROTECTION ACT – 47 U.S.C. § 227, *ET SEQ.*

35. Paragraphs 1 through 34 are re-alleged as though fully set out herein.

36. Defendant intended to make the calls to Plaintiff.

37. Defendant intentionally disregarded Plaintiff's requests that it stop calling her.

38. As a result of Defendant's willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiff is entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

## COUNT III

39. Plaintiff incorporates the above allegations as if fully restated here.

40. By calling Plaintiff dozens of times, filling up her voicemail and continuing to do so after Plaintiff asked Defendant to stop, Defendant communicated with such frequency and in such a manner that could reasonably be expected to threaten or harass Plaintiff in violation of Wis. Stat. § 427.104(1)(g).

## COUNT IV

41. Plaintiff incorporates the above responses as if fully restated here.

42. Defendants conduct violated Plaintiff's right to privacy.

## JURY TRIAL DEMAND

43. Plaintiff, demands a trial by jury on all issues triable.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff requests the following relief:

A. As a result of Defendant's negligent violations of U.S.C. § 227, *et seq.*, $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227, *et seq.*, treble damages, as provided by statute, up to $1,500.00 for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

C. Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

D. Pursuant to Wis. Stat. § 427.105(1), actual damages.

E. Pursuant to Wis. Stat. § 427.105(1), damages for emotional distress and mental anguish.

F. Pursuant to Wis. Stat. § 425.308(1) reasonable attorney's fees.

G. Compensatory and punitive damages for violating Plaintiff's privacy rights.

H. Any other relief the Court may deem just and proper.

Respectfully submitted on this 8th day of September, 2017.

                                         **HANSEN REYNOLDS LLC**

                              By:    /s/ Michael C. Lueder
                                        Michael C. Lueder
                                        State Bar No. 1039954
                                        Hansen Reynolds LLC
                                        316 N Milwaukee Street, Suite 200
                                        Milwaukee, WI 53202
                                        Ph: (414) 273-8474
                                        Fax: (414-455-7676
                                        mlueder@hansenreynolds.com

                                        *Attorney for the Plaintiff*